589 F.2d 775
 100 L.R.R.M. (BNA) 2154
 YORK COUNTY FIRE FIGHTERS ASSOCIATION, LOCAL 2498,
International Association of Fire Fighters, and
Gary L. Smith, William E. Nelson, and
Harry A. Schneider, Appellants,
v.
COUNTY OF YORK, VIRGINIA, a Municipal Corporation, Wallace
J. Robertson, Chief, York County Fire Department, R. E.
Bain, County Administrator, County of York, Virginia, Harry
Tabb Smith, John M. Quarles, M.D., Shirley F. Cooper, Howard
T. Burcher, and George D. Cole, Appellees.
 No. 77-2528.
 United States Court of Appeals,
 Fourth Circuit.
 Argued Nov. 16, 1978.
Decided Dec. 26, 1978.
 
 E. D. David, Newport News, Va. (Jones, Blechman, Woltz & Kelly, Gerald D. Robertson, Atkinson & Robertson, Newport News, Va., on brief), for appellants.
 James E. Bradberry, Newport News, Va. (C. G. Moore, Moore, Weaver, Moore & Bradberry, Newport News, Va., on brief), for appellees.
 Before WINTER, Circuit Judge, FIELD, Senior Circuit Judge, and PHILLIPS, Circuit Judge.
 WINTER, Circuit Judge:
 
 
 1
 Three captains of the York County (Virginia) Fire Department and the York County Fire Fighters Association, a union of fire fighters, sued to have declared invalid resolutions of the York County Board of Supervisors which prohibit supervisors in the fire department from belonging to the union. On motion for summary judgment, the district court concluded that the individual plaintiffs were supervisors and were therefore prohibited from belonging to the union, and that the prohibition against their membership was a valid limitation of their first amendment right of association. It granted judgment accordingly.
 
 
 2
 We agree with the district court that York County may validly prohibit supervisory personnel in the fire department from belonging to a union in which rank and file fire fighters of the department are members, but we think that the district court improperly determined on motion for summary judgment that the individual plaintiffs were supervisors. As we read them, the affidavits in support of and in opposition to cross-motions for summary judgment demonstrate a genuine dispute as to the material fact of whether the individual plaintiffs are supervisors or not. We therefore vacate the judgment of the district court and remand the case for an evidentiary determination.
 
 I.
 
 3
 A resolution of the York County Board of Supervisors adopted December 16, 1976 provided that Officers of the fire department hold management positions in the fire service and as such may not be members of "any union, labor organization or employee association." The prohibition was made even more specific with regard to captains of the fire department by the resolution of January 6, 1977, which stated that "Captains " hold positions of management responsibility and may not be members of any union, labor organization or employee association.
 
 
 4
 While the two resolutions purport to bar membership by captains and other officers in any and all unions, the York County Attorney advised the Board of Supervisors and the County Administrator that the resolutions could validly be enforced only to prohibit membership in the same union to which rank and file employees belong. His advice has been followed by the County Administrator.
 
 
 5
 The individual plaintiffs were members of the York County Fire Fighters Association, Local 2498, International Association of Fire Fighters (union), concededly a labor union, during the time that they were rank and file fire fighters in the fire department. Other York County fire department employees are also members. After the individual plaintiffs were tendered a promotion to captain and were advised of the resolutions, they unwillingly resigned from the union in order to obtain their promotions. This suit to obtain declaratory and injunctive relief followed.
 
 
 6
 After the suit was at issue, both sides filed motions for summary judgment supported by affidavits, some of which were not filed until after the district court's hearing on the cross-motions. In its memorandum opinion granting summary judgment for defendant, the district court ruled that the individual plaintiffs were supervisors and that defendant could validly prohibit a supervisor in the fire department from membership in a union to which the rank and file employees of the department also belonged.
 
 II.
 
 7
 Before addressing the legal issue of whether a municipality may validly prohibit membership by supervisory personnel of its fire department in a union to which non-supervisory personnel of the fire department also belong, we pass upon two preliminary arguments. First, the parties are in dispute as to whether the December 16, 1976 and January 6, 1977 enactments of the York County Board of Supervisors are more properly termed "resolutions" or "ordinances." We see no need to resolve the dispute. For present purposes, the correct terminology is immaterial. It is enough to require us to reach the merits that York County has undertaken to limit the first amendment right of association of supervisory employees of its fire department.
 
 
 8
 Second, plaintiffs argue that we should pass upon the validity of the resolutions according to their terms and not as limited by the administrative gloss which has been placed upon them. This we decline to do. It is axiomatic that we ordinarily look to a state to tell us the meaning of its legislative enactments so that we can determine their constitutional validity. When the state has not authoritatively spoken, we think that we are justified in determining the meaning of an enactment from the administrative gloss which has been placed upon it, at least in the absence of any suggestion either that the enactment has been applied differently or that the breadth of the language in the enactment, unrestricted by its gloss, has a chilling effect on the first amendment rights of others who are not litigants before us.
 
 
 9
 As administratively construed, we agree with the district court that the resolutions are valid limitations of the first amendment right of association of supervisory employees of the fire department. Elk Grove Firefighters Local No. 2340 v. Willis, 400 F.Supp. 1097 (N.D.Ill.), Aff'd,539 F.2d 714 (7 Cir. 1976), on which the district court placed principal reliance, is virtually identical to the case before us, and we think it correctly decided and conclude to follow it. Briefly stated it held that a first amendment right to associate may be validly limited where the limitation is necessary to a substantial and legitimate state interest. An efficient fire department is a legitimate and substantial state interest because of the need of fire fighters to act quickly and effectively to prevent loss of life and property, and the limitation on membership of supervisory personnel in a union of rank and file members is necessary in order to forestall a division of the supervisors' loyalties between the union and their employer. Barring membership in such a union is the least restrictive way of achieving the objective when membership in another union, not having rank and file fire department employees, is not prohibited.
 
 
 10
 Plaintiffs seek to distinguish Elk Grove on the ground that it was decided with reference to a jurisdiction in which the union could bargain with the employer, while, under the law of Virginia, York County is prohibited from bargaining with the union. See Commonwealth v. County Board of Arlington County, 217 Va. 558, 232 S.E.2d 30 (1977). Since York County cannot bargain with the union, so the argument runs, the opportunity for conflict between the needs of an employer and the interests of the union is substantially reduced.
 
 
 11
 We are not persuaded by this argument and we therefore see no substantial distinction between this case and Elk Grove. While York County may not be able to bargain collectively with the union, this does not necessarily mean that the presence of the union will not be felt or that the union will cease to function. In the matter of grievances, working conditions and compensation, the union can assist and advise, aid and abet, without effectively being the exclusive representative or designated agent for the employees as a group. Thus, as we see it, membership by supervisory personnel in a union to which the rank and file fire fighter also belongs has substantially the same potential disruptive effect, irrespective of whether the employer has statutory authority to bargain with the union or not.
 
 
 12
 Finally, we note that plaintiffs cite the language of § 40.1-61 Code of Virginia part of Virginia's right to work statute which prohibits an employer from requiring an employee to abstain or refrain from membership in any labor union or labor organization as a condition of employment. From this statute, plaintiffs argue that York County has no authority to require them to refrain from membership in the union. However, before us plaintiffs have not asserted a pendent cause of action against York County under state law, and we do not see how the existence of the Virginia statute has any bearing on plaintiffs' constitutional claim of a violation of their first amendment rights. If plaintiffs wish to assert the contention that the York County resolutions are ineffective because they are Ultra vires, a more appropriate forum would be the state courts of Virginia because we are unaware of any state decision as to the effect of the statute and none has been cited.
 
 III.
 
 13
 Where we think that the district court erred was in its determination on the affidavits and counter-affidavits that the individual plaintiffs were supervisors. The determination of whether an employee is a supervisor is a mixed question of law and of fact. But as we read the affidavits in the instant case, they show a genuine dispute as to material facts on the factual aspect of that question and this is enough to defeat the right of either party to summary judgment. See F.R.Civ.P. 56(c); Pierce v. Ford Motor Co., 190 F.2d 910, 915 (4 Cir. 1951).
 
 
 14
 In the instant case, only defendants' motion for summary judgment was initially supported by affidavits. Included among them was the affidavit of the Chief of the fire department setting forth facts to show that the individual plaintiffs as captains performed substantial supervisory functions. After the motion was heard and submitted, plaintiffs sought leave to file a counter-affidavit. It was granted with the defendant to have the right to file a response. Plaintiffs then filed an affidavit, setting forth negatively almost verbatim the statutory definition of "supervisor" contained in 29 U.S.C. § 152(11), viz.:
 
 
 15
 they do not have in the interest of their employer, the County of York, the authority to hire, transfer, suspend, layoff, recall, promote, discharge, reward or to effectively recommend any of the above by the use of their independent judgment.
 
 
 16
 Defendant countered with another detailed, extensive affidavit to which were appended numerous exhibits. This affidavit undertook to show the authority of each of plaintiffs, alone or in conjunction with someone else, to hire, transfer, suspend, layoff and recall, promote, discharge, assign, reward, discipline, and direct rank and file fire fighters, as well as their authority to adjust grievances and to recommend the various actions that could be taken. More remarkably, the exhibits were written documents purportedly emanating from the individual plaintiffs which were examples, selected from the files of the fire department, of the actual exercise of the power they were cited to illustrate.
 
 
 17
 It is obvious that unless plaintiffs can explain away defendants' last response and perhaps prove that some of the exhibits are forgeries or do not mean what they purport to show, plaintiffs' assertion that they are not supervisors has been devastated, and plaintiffs' truthfulness and Bona fides in making their affidavit have been put in question. But even though defendant's response has overwhelming persuasiveness, the fact remains that, under oath and under possible penalties for perjury, plaintiffs assert that factually they are not supervisors. Accordingly, summary judgment was inappropriate, and consistent with Ford Motor Co. and its progeny, the district court should have proceeded to trial on that issue. We vacate the district court's judgment and remand the case to it for that purpose.
 
 
 18
 VACATED AND REMANDED.