Sandra KESTERSON, Plaintiff,

v.

Lenore Landry DAVENPORT, et al., Defendants.

No. 84 C 8945.

United States District Court,
N.D. Illinois, E.D.

Oct. 10, 1986.
As Amended Nunc Pro Tunc
Oct. 31, 1986.

Robert F. Peck, Johnson & Peck, Western Springs, Ill., George C. Pontikes, Foss, Schumann, Drake & Barnard, Chicago, Ill., for plaintiff.

Jeffrey K. Ross, Thomas J. Piskorski, Seyfarth, Shaw, Fairweather & Geraldson, Chicago, Ill., for defendants.

## MEMORANDUM

LEIGHTON, Senior District Judge.

On May 18, 1983, plaintiff Sandra Kesterson, an employee of the defendant township, was promoted to the position of Director of Transportation of York Township Senior Citizens Transportation Program. In January 1984, she began working in an attempt to organize the employees of the Township into a union. To this end, she contacted Local 726, State and Municipal Teamsters, Chauffeurs and Helpers of America for assistance. Her attempts to unionize continued until August 9, 1984; on that day she was demoted to the position of Assistant Director. She alleges that the reason for her demotion was her involvement in union activities; and that since her demotion, defendants have harassed plaintiff and her family.

■ Based on these alleged facts plaintiff brought this action. Her four-count amended complaint, which names as defendants the Supervisors of York Township, Township Trustees, and the Township, is pursuant to 42 U.S.C. §§ 1983, 1985 and 1988, for deprivation of rights under the First and Fourteenth Amendments to the United States Constitution. The cause is before the court on defendants' motion for summary judgment.[1]

A party moving for summary judgment has the burden of demonstrating that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law. *Korf v. Ball State University,* 726 F.2d 1222, 1226 (7th Cir.1984); Fed.R.Civ.P. 56(c). In support of their motion, defendants assert two grounds. First, that plaintiff, as Director of Transportation, possessed no constitutionally protected right to engage in union organizing activities. Second, that she had no right under Illinois law to organize township employees into a union.

■ Section 1983, protects "rights, privileges or immunities secured by the Constitution or [federal] laws...." Accordingly, it is clear that plaintiff must have been deprived of a constitutional right in order to have a successful claim under § 1983. *E.g. Ellsworth v. City of Racine,* 774 F.2d 182, 184–85 (7th Cir.1985). Therefore, the issue before the court is whether plaintiff, as a public employee, possessed a constitutionally protected right, by way of the First and Fourteenth Amendments, to organize fellow employees into a union. If she did, or if a genuine issue of material fact surrounds the question whether she did, defendants' motion must be denied.

■ It is well established that individuals do not, by virtue of accepting public employment, waive First Amendment rights of freedom of speech and association. *Connick v. Myers,* 461 U.S. 138, 143–46, 103 S.Ct. 1684, 1688–90, 75 L.Ed.2d 708 (1983); *Elrod v. Burns,* 427 U.S. 347, 357, 96 S.Ct. 2673, 2681–82, 49 L.Ed.2d 547 (1976). However, these rights are not without limit. *Wilton v. Mayor and City Council of Baltimore,* 772 F.2d 88, 91 (4th Cir.1985). Determining what limits may be placed on First Amendment activities of public employees requires a balancing of the public interest asserted as a justification of limiting rights, against the interest of the individual employee whose rights are

---

1. While the parties have not addressed the issue, it is clear that plaintiff is not entitled to relief pursuant to § 1985(3), one section on which she apparently relies. A successful § 1985(3) claim requires that plaintiff establish "some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind [a] conspiracy." *Rodgers v. Lincoln Towing Service, Co.,* 771 F.2d 194, 203 (7th Cir.1985). Plaintiff has not satisfied this requirement. Further, the court has some doubt as to whether plaintiff has sufficiently alleged a conspiracy. *See Quinones v. Szorc,* 771 F.2d 289, 291 (7th Cir.1985). Accordingly, defendants' motion as its relates to the § 1985 claim is granted.

being curtailed. *Benson v. Allphin,* 786 F.2d 268, 267 (7th Cir.1986); *Wilton,* 772 F.2d at 91. When striking that balance, if the interest of the public is substantial and the rights of the individual employee are limited in the least drastic manner, no actionable constitutional deprivation occurs. *Wilton,* 772 F.2d at 91; *see also, Norbeck v. Davenport Community School District,* 545 F.2d 63, 67 (8th Cir.1976); *Local No. 2263, International Assc. of Fire Fighters,* 439 F.Supp. 1224, 1230 (N.D.Miss.1977); *Elk Grove Fire Fighters Local No. 2340 v. Willis,* 400 F.Supp. 1097, 1100 (N.D.Ill. 1975), *aff'd,* 539 F.2d 714 (7th Cir.1976).

In this case, the competing interests are the interest of plaintiff in organizing union activities and defendants' interest in providing efficient public services. In this regard, defendants argue that plaintiff's union activities conflicted with her supervisory responsibilities over fellow union members. They therefore conclude that they were justified in removing plaintiff from the position of Director of Transportation.

■ The court agrees that as a general rule, a public employee who acts in a supervisory capacity and has responsibility to exert control over the employees whom she supervises, possesses no constitutional right to organize those same employees into a labor union. This rule "is necessary in order to forestall a division of the supervisors' loyalties between the union and their employer." *Wilton,* 772 F.2d at 91 (*quoting, York County Fire Fighters Ass'n. v. County of York,* 589 F.2d 775, 778 (4th Cir.1978).[2] However, in this case, a genuine issue of material fact surrounds the question whether plaintiff was indeed a "supervisor" when she was Director of Transportation. If she was not, then the inherent risks involved in dividing her loyalties between her employer and the union do not exist and the public interest in limiting her First Amendment rights would be

outweighed by her individual rights of free speech and association. *See Wilton,* 772 F.2d at 88.

Defendants take the position that no question of fact exists as to this issue because plaintiff has made previous admissions, connected with a prior preliminary injunction motion, that she was a "supervisor" when working as Director of Transportation. Plaintiff on the other hand, in connection with the pending motion, submits an affidavit which indicates that she had little if any supervisory duties. In this regard, defendant argues that plaintiff cannot present contradictory evidence merely to defeat a motion for summary judgment.

■ As a general rule, a party cannot contradict prior testimony at summary judgment in order to create an issue of fact. *Babrocky v. Jewel Food Co.,* 773 F.2d 857, 861–62 (7th Cir.1985); *Miller v. A.H. Robins Co.,* 766 F.2d 1102, 1104–05 (7th Cir.1985). However, the rationale behind the rule is to allow the court to determine whether the issue raised by the contradictory affidavit constitutes a sham. *Kennett-Murray Corp. v. Bone,* 622 F.2d 887, 892 (5th Cir.1980) (*citing, Choudhry v. Jenkins,* 559 F.2d 1085, 1090 (7th Cir. 1977)). In this case, while plaintiff's positions may be inconsistent, the court is of the opinion that the issues of fact raised are not merely a "sham" but rather are genuine and material. Accordingly, defendants cannot be granted summary judgment based on the argument that supervisors possess no constitutional right to organize union employees, because questions of fact exist as to the issue of whether plaintiff was a "supervisor."

■ Defendants' second argument in support of their motion is that plaintiff had no right under Illinois law to organize township employees into a union. The Illinois Public Labor Relations Act, Ill.Rev.

---

2. Plaintiff attempts to distinguish the line of cases relied upon by the court by noting that in this case, unlike those, plaintiff did not seek to become a "member" of the labor union but only sought to "advocate" and "organize" the union.

The court finds plaintiff's argument unpersuasive; in either case, a danger of divided loyalty between the union and the public employer exists.

**44**

Stat. ch. 48, ¶ 1601 *et seq.* (1985), provides that it is an unfair labor practice for a public employer or its agents to "interfere with, restrain or coerce" or to "dominate or interfere with" union-related activities of public employees. *Id.* at ¶ 1610(a)(1). Relying on this provision, defendants argue that it would be an unfair labor practice to permit plaintiff, when acting as supervisor and presumably an agent of the Township, to interfere with or dominate union-related activities. Therefore, so the argument goes, defendant had a duty to remove plaintiff from her supervisory position.

This argument fails for two reasons. First, as has already been noted, a question of fact surrounds the issue whether plaintiff was acting in a supervisory capacity when serving as Director of Transportation. If she was not, then she was presumably not an "agent" of the employer and the section upon which defendant relies would not apply. Second, as the court has already held, *Kesterson v. Davenport*, 84 C 8945 (N.D.Ill. Oct. 3, 1985) [Available on WESTLAW, DCTU database], the Illinois Act simply does not apply in cases, such as this, where union activities are promoted rather than stifled. "When considering the purpose of the Act, to protect public employees' right to unionize, it is apparent that [actions which promote union activities do] not violate [the Act]. Indeed, to so hold would be in direct opposition to the intent of the legislature when promulgating the Act." *Id.*

In summary, it appearing that genuine issues of material fact exist concerning plaintiff's rights, defendants' motion for summary judgment is denied.

So ordered.