**MANHATTAN BEACH POLICE OFFI-CERS ASSOCIATION, INC., et al.,**
Plaintiffs–Appellees,

v.

**CITY OF MANHATTAN BEACH; David J. Thompson; Harry L. Kuhlmeyer, Jr., et al., Defendants–Appellants.**

No. 88–5671.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 31, 1988.

Decided Aug. 8, 1989.

Richard R. Terzian, Adams, Duque & Hazeltine, Los Angeles, Cal., for defendants-appellants.

George W. Shaeffer, Jr., Silver, Kreisler, Goldwasert & Shaeffer, Newport Beach, Cal., for plaintiffs-appellees.

Before SCHROEDER, REINHARDT and LEAVY, Circuit Judges.

SCHROEDER, Circuit Judge:

█ This is another appeal from the denial of a defense motion for summary judgment in an action seeking damages under 42 U.S.C. § 1983. Because the motion for summary judgment was based upon the defense of qualified immunity, the denial is appealable under *Mitchell v. Forsyth*, 472 U.S. 511, 530, 105 S.Ct. 2806, 2817–18, 86 L.Ed.2d 411 (1985).

The scope of our inquiry in such appeals is extremely narrow, but these appeals appear to have become a routine part of every section 1983 case surviving a defense motion for summary judgment. They often cause regrettable expense and delay. As we observed approximately one year ago, "[s]tate government defendants apparently now deem it mandatory to bring these appeals from any adverse ruling, no matter how clearly correct the trial court's decision." *Schwartzman v. Valenzuela*, 846 F.2d 1209, 1210 (9th Cir.1988). That observation remains valid.

The plaintiffs in this case are police officers who have alleged that the defendants abridged their first amendment rights. They allege that the defendants denied them consideration for a more desirable position, and that they based this decision on plaintiffs' public statements on matters of public concern.

There is an essentially factual dispute as to the nature of the position plaintiffs sought and the qualifications for that position. The parties further disagree as to whether the defendants justifiably took into account the plaintiffs' union activity, as opposed to political speech, in considering their qualifications for the desired position. The only issue before us, however, in reviewing the denial of defendants' claim of qualified immunity, is whether the plaintiffs have alleged the violation of norms that were clearly established at the time of the challenged actions. *Mitchell*, 472 U.S. at 528, 105 S.Ct. at 2816–17. We affirm.

Plaintiffs John Zea and William Sapp are policemen employed by the city of Manhattan Beach, California who hold the rank of sergeant. They have, at various times, served as officers and directors of their union, the Manhattan Beach Police Officers Association, which represents city police officers in employment matters.

The defendants include Police Chief Harry L. Kuhlmeyer and David J. Thompson, the City Manager. Some time in the latter part of 1984, the defendants established a new position within the City police department known as the "administrative sergeant." Plaintiffs allege that this position was more desirable than the other posts available to sergeants because it had a more desirable work schedule, it was viewed as an assignment that would lead to further promotion, and it had other advantages over the positions they then occupied. Plaintiffs Zea and Sapp allege that they were denied consideration for the position of administrative sergeant because of various public statements they made concerning the operations of the police department, including letters to the local newspaper criticizing the city council for failure to appoint more police officers, and other letters to local newspapers concerning police department staffing. Plaintiffs allege that their first amendment rights were violated because they were denied a job benefit as punishment for the exercise of those rights. *See Mt. Healthy City School Dist. v. Doyle*, 429 U.S. 274, 284–86, 97 S.Ct. 568, 574–76, 50 L.Ed.2d 471 (1977).

The defendants moved for summary judgment, arguing that plaintiffs were rejected for the position for reasons unrelated to their speech. In the alternative, defendants argued that they were concerned only with plaintiffs' union activities, and that the position of administrative sergeant was a management post for which plaintiffs' union activities could be taken into account. Defendants also contended that they enjoyed qualified immunity from suit because of the "unsettled and unknown state of the law" as of the fall of

1984. The district court denied defendants' motion for summary judgment and this interlocutory appeal followed. In this appeal we properly consider only the question whether the district court should, as a matter of law, have granted the motion on grounds of qualified immunity. *Mitchell*, 472 U.S. at 528, 105 S.Ct. at 2816–17; *Todd v. United States*, 849 F.2d 365, 368 (9th Cir.1988).

The Supreme Court has stated that state and local officials are entitled to qualified immunity if "their conduct [did] not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982). "The contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right. This is not to say that an official action is protected by qualified immunity unless the very action in question has previously been held unlawful, ... but it is to say that in the light of pre-existing law the unlawfulness must be apparent." *Anderson v. Creighton*, 483 U.S. 635, 640, 107 S.Ct. 3034, 3039, 97 L.Ed.2d 523 (1987) (citations omitted).

■ In this appeal, our task is not to determine whether defendants' conduct actually violated clearly established statutory or constitutional rights when the facts are in dispute. Rather the Supreme Court has said that in an interlocutory appeal from a denial of a motion for summary judgment on qualified immunity, our inquiry should be limited to deciding whether the "legal norms allegedly violated by the defendant were clearly established at the time of the challenged actions." *Mitchell*, 472 U.S. at 528, 105 S.Ct. at 2816. The Supreme Court's admonition placed in its immediate textual framework is as follows:

An appellate court reviewing the denial of the defendant's claim of immunity need not consider the correctness of the plaintiff's version of the facts, nor even determine whether the plaintiff's allegations actually state a claim. All it need determine is a question of law: whether the legal norms allegedly violated by the defendant were clearly established at the time of the challenged actions or, in cases where the district court has denied summary judgment for the defendant on the ground that even under the defendant's version of the facts the defendant's conduct violated clearly established law, whether the law clearly proscribed the actions the defendant claims he took. . . . We emphasize at this point that the appealable issue is a purely legal one: whether the facts alleged (by the plaintiff, or, in some cases, the defendant) support a claim of violation of clearly established law.

*Id.* at 528 & n. 9, 105 S.Ct. at 2816 & n. 9.

In this appeal, the defendants maintain that they could not have violated any clearly established rights, because there was no reported case in 1984 in which, on facts similar to those which defendants contend exist in this case, a violation of first amendment rights was established. The defendants point specifically to the lack of any case authority dealing expressly with a claim of abridgment of first amendment rights by an employer which did not result in any economic detriment such as loss of a job or denial of higher pay.

Under *Mitchell v. Forsyth*, our focus must be on the "legal norm" allegedly violated. If, as plaintiffs allege, the defendants considered them ineligible for a desirable position in public employment because the plaintiffs exercised their right to comment on matters of public concern, then a constitutional norm well recognized in 1984 was violated. In *Connick v. Myers*, 461 U.S. 138, 142, 103 S.Ct. 1684, 1687, 75 L.Ed.2d 708 (1983), the Supreme Court noted that "[f]or at least 15 years, it has been settled that a State cannot condition public employment on a basis that infringes the employee's constitutionally protected interest in freedom of expression."

■ If plaintiffs are correct in their allegations, the defendants did precisely that. A public official cannot withhold a substantial benefit from an employee because of activities protected by the first amendment without affecting the employee's freedom

of expression. This is true whether that benefit is economic, such as a higher salary, or some other condition of employment, such as location or job assignment. We had clearly held in 1984 that a public employee could recover damages under section 1983 for violation of his first amendment rights even though he had suffered neither the loss of his job nor the loss of any salary. *See Anderson v. Central Point School Dist. No. 6,* 746 F.2d 505, 507–08 (9th Cir.1984). Our law has made no distinction in the past between employee dismissals and adverse effects on other conditions of employment for purposes of first amendment analysis. *See Johnston v. Koppes,* 850 F.2d 594, 595 (9th Cir.1988) (1984 removal of plaintiff's designation as lead attorney and transfer to a different section of agency violated her first amendment rights); *Allen v. Scribner,* 812 F.2d 426, 429 (9th Cir.1987), *modified* 828 F.2d 1445 (9th Cir.1987) (1980 transfer of plaintiff to another, less desirable, job assignment violated his first amendment rights).

At trial, defendants may seek to show that their actions were motivated by concerns that the plaintiffs' union activities would create a conflict of interest if they were appointed to the administrative sergeant position they sought. Courts have held that denials of confidential, supervisory posts based on union activities do not necessarily violate first amendment rights. *See Wilton v. City of Baltimore,* 772 F.2d 88, 90–91 (4th Cir.1985) (denial of promotion to correctional officers to supervisory lieutenant positions on basis of past union activity did not violate first amendment rights); *York County Firefighters Ass'n v. York County,* 589 F.2d 775, 778 (4th Cir.1978) (county resolution prohibiting membership in rank and file firemens' union by supervisory employees of fire department did not violate first amendment); *see also Key v. Rutherford,* 645 F.2d 880, 885 (10th Cir.1981) (first amendment rights of police chief were not necessarily violated by city ordinance prohibiting city employees from addressing complaints to members of city council).

Defendants also rely on *Pickering v. Board of Educ. of Township High School Dist. 205,* 391 U.S. 563, 88 S.Ct. 1731, 20 L.Ed.2d 811 (1968), in which the Supreme Court held more than twenty years ago that a teacher could not be discharged for writing a letter to the editor of the local newspapers concerning school funding. In the portion of the case of interest to these defendants, the Court went on to recognize that there may be some public employment situations in which the relationship between superior and subordinate is of such a personal and intimate nature that certain forms of public criticism displayed by the subordinate would seriously undermine the effectiveness of the working relationship. *Pickering,* 391 U.S. at 570 n. 3, 88 S.Ct. at 1735 n. 3. The Court suggested that in such circumstances disciplinary action might not infringe the employee's first amendment rights.

According to plaintiffs' allegations, however, the concerns raised by defendants are irrelevant. Plaintiffs allege that the defendants acted in order to quell public criticism and not because of plaintiffs' actual qualifications for the job, or the nature of the assignment itself. If their allegations are proven, then clearly established first amendment rights were violated. The defendants may be able to show at trial that the administrative sergeant position was of such a confidential, supervisory nature that they reasonably could have taken union loyalties into account in assessing the plaintiffs' qualifications for it. However, these facts are not yet before us; the facts as to the nature of the "administrative sergeant" position, and the defendants' motivations, are still in dispute. The district court therefore properly denied the motion for summary judgment.

AFFIRMED.