111 F.3d 138
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Glen GOINGS, Plaintiff-Appellee,
v.
Curt CHISHOLM; Jack McCormick; Gary Weer; Myron Beeson;
Noel Davidson; Mike Mahoney, Defendants-Appellants.
 No. 96-35616.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted March 5, 1997.
Decided April 7, 1997.
 
 Before: WRIGHT, WALLACE and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Defendants-appellants ("defendants") appeal the denial of that part of their motion for summary judgment seeking qualified immunity from plaintiff-appellee's civil rights action for injuries sustained during and following a riot in the maximum security unit of the Montana State Prison.
 
 
 3
 Defendants' challenge to the continued jurisdiction of the magistrate judge fails because the only issue before us in this interlocutory appeal is qualified immunity.
 
 
 4
 Turning to the merits of defendants' appeal, we note that since Mitchell v. Forsyth, 472 U.S. 511 (1985), we have consistently recognized a right of interlocutory appeal from a denial of qualified immunity. See, e.g., Pelletier v. Federal Home Loan Bank, 968 F.2d 865, 870 (9th Cir.1992). At the same time, we have cautioned against the filing of routine appeals from denials of qualified immunity motions, especially where it appears the district court was clearly correct in its qualified immunity determination. Id. at 870; see also Manhattan Beach Police Officers v. Manhattan Beach, 881 F.2d 816, 817 (9th Cir.1989).
 
 
 5
 The "extremely narrow" issue for which Forsyth permits immediate appeal is this: do the facts alleged (taken as true for purposes of the qualified immunity inquiry) support a claim of violation of clearly established law? Forsyth, 472 U.S. at 528 n. 9. Assuming, as we must, that the alleged facts are true, Kelley v. Borg, 60 F.3d 664, 666 (9th Cir.1995), Goings has made out violations of his first, eighth, and fourteenth amendment rights. Whether he can now prove up those violations or whether these defendants have merits defenses (i.e., justification) that would defeat the claims does not alter our present inquiry. The magistrate judge correctly found that the "legal norms allegedly violated by the defendant[s] were clearly established at the time of the challenged actions." Manhattan Beach, 881 F.2d at 818 (quoting Forsyth, 472 U.S. at 528).
 
 
 6
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3