210 F.3d 1033 (9th Cir. 2000)
 MICHAEL A. HOLLISTER, Plaintiff-Appellant,
v.
ROBERT TUTTLE; JOHN COOPER; PETER CARAFIOL; SHELLEY REECE; MARVIN KAISER; DEANNE WESTBROOK; ELAINE LIMBAUGH; CHRISTINE THOMPSON; SUSAN DANIELSON, Defendants-Appellees.
 No. 98-35058
 UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT
 Argued and Submitted March 8, 2000
Filed March 30, 2000
Amended April 28, 2000
 
 COUNSEL: Brian R. Talcott and G. Kenneth Shiroishi, Michael Francis, Dunn, Carney, Allen, Higgins & Tongue, Portland, Oregon, for the plaintiff-appellant.
 Richard D. Wasserman, Assistant Attorney General, Salem, Oregon, for the defendants-appellees.
 Appeal from the United States District Court for the District of Oregon;
 John Jelderks, Magistrate Judge, Presiding. D.C. No. CV-95-01999-JJ
 Before: John T. Noonan, Susan P. Graber, and Raymond C. Fisher, Circuit Judges.
 
 ORDER
 
 1
 The opinion filed on March 30, 2000 is amended as follows:
 
 
 2
 Slip Opinion at 3670, Line 28 (Fourth Paragraph, Second Sentence). Insert "generally" between "number of units" and "be treated", so that the sentence reads:"nor can a reduction in the number of units generally be treated as a kind of demotion."
 
 
 3
 Slip Opinion at 3670, Line 30 (Fourth Paragraph, Fourth Sentence). Insert, "In this case," at the beginning of the sentence so that it reads, "In this case, the shortening of the American Literature and Culture course from 9 to 8 hours is not a wrong cognizable in a civil rights action."
 
 
 4
 Slip Opinion at 3670, Line 34 (Fifth Paragraph, First Sentence). Insert, "generally" between "denial of it" and "a demotion", so that the sentence reads "nor is denial of it generally a demotion."
 
 
 5
 Slip Opinion at 3671, Line 2. Insert, "In this case," at the beginning of the sentence, so that it reads, "In this case, non-appointment to it is not a redressable civil wrong."
 
 OPINION
 NOONAN, Circuit Judge:
 
 6
 Michael A. Hollister appeals the judgment against him in his S 1983 action against members of the faculty of Portland State University (PSU). We hold that, as to five defendants, Hollister did not allege any constitutional deprivation; the judgment as to them is affirmed. As to the other defendants, we hold that Hollister, a faculty member at PSU, had a clearly established right to speak freely on public educational issues and that it was, therefore, error to recognize qualified immunity on the part of defendants alleged to have retaliated against him by denying him a promotion and pay increases. We, accordingly, reverse this part of the judgment and remand.
 
 PROCEEDINGS
 
 7
 On August 30, 1996, Hollister filed his second amended complaint in the district court. He alleged that he was a tenured professor of English, teaching traditional American literature courses in the College of Liberal Arts of PSU; that beginning in the 1970s he spoke out publicly against feminist criticism of male writers in American literature and against the increase of non-traditional, feminist-oriented courses being offered in the English Department; that, as a result, his colleagues, Robert Tuttle and John Cooper, opposed and delayed his promotion to full professor and that they and two other members of the department, Peter Carafiol and Shelley Reece, fellow members of the English Department, recommended that he not receive merit pay increases and salary raises proportionate to his seniority, qualifications, and performance; that these defendants and defendant faculty members MarianKaiser, Deanne Westbrook, Elaine Limbaugh, Christine Thompson, and Susan Danielson sought to eliminate the American Literature and Culture courses taught by Hollister and succeeded in reducing the extent of this offering; and that in 1983 Cooper excluded him from a search committee seeking a replacement to teach a course taught by Hollister. He also alleged that all the defendants had engaged in ridicule, harassment, and humiliation of him, creating an environment so hostile that his ability to teach his specialty at PSU had been severely impaired. Hollister sought compensatory and punitive damages and an injunction against further retaliation against his exercise of his right to speak.
 
 
 8
 Without filing an answer, the defendants moved for summary judgment, contending that there were no disputed issues of material fact. Hollister submitted an affidavit asserting that from 1986 to 1995 he had received total merit pay and salary raises of $13,329, while the average increase for full professors in the English Department in that period was $16,403.
 
 
 9
 The district court granted summary judgment, ruling that "any right the plaintiff had to speak as he allegedly did was not clearly established during the period in question" and ruling further that it was not clearly established at the relevant times that the defendants' "alleged responses to plaintiff's speech constituted deprivations of a constitutionally cognizable nature."
 
 
 10
 Hollister appeals.
 
 ANALYSIS
 
 11
 Because the record in this case has yet to be significantly developed, the case on appeal has the feel of a motion to dismiss for failure to state a claim. The facts supplied by Hollister's affidavit go little beyond the allegations of his complaint. The defendants supply arguments but no additional facts. Accordingly, although we rule on the summary judgment, we in effect decide what claims of Hollister are cognizable.
 
 
 12
 The Issue on Appeal. The district court granted the defendants qualified immunity, giving two reasons. The defendants now argue that Hollister's argument embraces only one of the reasons, so that we should affirm for the unchallenged reason. The defendants misconceive Hollister's contentions, which adequately argue that the defendants are not entitled to qualified immunity.
 
 
 13
 Hollister's Right to Speak. The lifeblood of a college is free inquiry and its companion, free speech, by its faculty on subjects pertaining to education. A high school teacher cannot be disciplined arbitrarily for speech on a matter of public concern. See Pickering v. Board of Educ., 391 U.S. 563 (1968). A fortiori, a college teacher cannot. Sometimes the precise contours of a constitutional right are vague and need filling in by court decisions. In the case of a professor's speech on educational policy, any member of the faculty or administration would know -and would have known in 1980 -that it would be to deny his constitutional right to speak to deny him a promotion or pay increase in retaliation.
 
 
 14
 Pickering, to be sure, permits freedom of speech to be limited by legitimate concerns of the employing school. See id. at 569. But in this case the defendants have not offered a scrap of evidence of any concern supporting curtailment of Hollister's speech. Naked retaliation is alleged and is unrefuted.
 
 
 15
 Unconstitutional Retaliation. The alleged denial of promotion in 1980 and the alleged discrimination in merit pay increases and salary raises constitute denials of governmental benefits redressable by S 1983. See e.g. Manhattan Beach Police Officers v. Manhattan Beach, 881 F.3d 816, 819 (9th Cir. 1989).
 
 
 16
 Other harms allegedly inflicted by the defendants do not. A professor has no property right in the number of units assigned to his academic course; nor can a reduction in the number of units be generally treated as a kind of demotion. Cf. Johnston v. Koppes, 850 F.3d 594 (9th Cir. 1988). The proper length of a course is an academic decision. In this case, the shortening of the American Literature and Culture course from 9 to 8 hours is not a wrong cognizable in a civil rights action.
 
 
 17
 Similarly, a place on a college search committee is not property, nor is denial of it generally a demotion. The composition of such a committee, like the composition of a course, cannot be judicially monitored or metered. In this case, nonappointment to it is not a redressable civil wrong.
 
 
 18
 There is no civil rights action for slander. See Johnson v. Barker, 799 F.2d 1396, 1399 (9th Cir. 1989). Consequently, the specific charges against Cooper and Reece cannot be maintained in this action.
 
 
 19
 In the section of his complaint headed "Claim For Relief And Requested Remedies," Hollister asserts that the defendants have created a hostile environment in which his ability "to teach effectively within his specialty" has been severely impaired. It is not apparent that this claim is more than a restatement of the allegations already made. Hollister's affidavit sheds no light on what is meant. As presently stated, no cognizable wrong is expressed.
 
 
 20
 Other Issues. A variety of other issues, including the statute of limitations, remain in the case. As the defendants have not yet answered the complaint, any rulings on these issues would be premature.
 
 
 21
 Disposition. Danielson, Kaiser, Limbaugh, Thompson and Westbrook are alleged only to have achieved the reduction of the American Literature and Culture course and to have ridiculed Hollister. The judgment as to them is AFFIRMED.
 
 
 22
 As to the remaining defendants, the judgment is REVERSED, and the case is REMANDED for proceedings consistent with this opinion.