**Wanda BRISCOE–KING**
**Plaintiff–Appellee,**

v.

**Cal A. TERHUNE; Marisela Montes; Henry J. Peralta; Scott Bollinger; Robert Meeks, Defendants–Appellants.**

**No. 01–15921.**
**D.C. No. CV–99–01427–LKK.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted July 11, 2002.

Decided July 26, 2002.

make this defense." *Faretta v. California,* 422 U.S. 806, 819, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975).

Before FISHER and PAEZ, Circuit Judges, and MOLLWAY,[1] District Judge.

MEMORANDUM [2]

Plaintiff–Appellant Wanda Briscoe–King ("Briscoe–King"), formerly employed by the California Department of Corrections (the "CDC"), sued her former supervisors under 42 U.S.C. § 1983, alleging that they had fired her in retaliation for her having made protected statements. Specifically, she alleges that she was fired for having complained about racial discrimination, and for having reported misuse of state vehicles. The district court denied Defendants' motion for summary judgment, and Defendants timely appealed, arguing that there is no triable issue of fact concerning the causal connection between Briscoe–King's race discrimination complaints and her firing, and that Defendants are qualifiedly immune from suit on the vehicular misuse retaliation claim. The parties are familiar with the facts and proceedings in the district court, which are recited here only as necessary. We affirm.

Initially, we examine our jurisdiction to review these issues. Under the collateral order doctrine, we may review the district court's denial of qualified immunity, but only to the extent that appellants raise purely legal questions. *Mitchell v. Forsyth*, 472 U.S. 511, 528, 105 S.Ct. 2806, 86 L.Ed.2d 411 (1985); *Manhattan Beach Police Officers Ass'n, Inc. v. City of Manhattan Beach*, 881 F.2d 816, 818 (9th Cir. 1989). We lack pendent jurisdiction to consider the race discrimination causation issue, as it is not "inextricably intertwined" with the qualified immunity issue. *See Cunningham v. Gates*, 229 F.3d 1271, 1285 (9th Cir.2000). The race discrimination issue is not so intertwined with the immunity issue that we must decide the causation issue to decide the immunity issue, and resolution of the latter issue does not necessarily resolve the former. *See id.* Therefore, we review on this appeal only

---

1. Honorable Susan Oki Mollway, United States District Judge for the District of Hawaii, sitting by designation.

2. This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

the denial of qualified immunity, insofar as it presents issues of law.

We review the denial of qualified immunity *de novo*, viewing the facts in the light most favorable to Briscoe–King. *See Moran v. Washington*, 147 F.3d 839, 844 (9th Cir.1998). Our first inquiry is whether, taken in the light most favorable to Briscoe–King, the facts alleged show Defendants' conduct violated a constitutional right. *See Saucier v. Katz*, 533 U.S. 194, 201, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001). If a violation is made out, we ask if the right was clearly established. *Id.*

Taken in the light most favorable to Briscoe–King, the facts alleged show that Defendants did violate Briscoe–King's First Amendment right not to be terminated as a government employee "because of [her] speech on matters of public concern." *Board of County Comm'rs, Wabaunsee County, Kan. v. Umbehr*, 518 U.S. 668, 675, 116 S.Ct. 2342, 135 L.Ed.2d 843(1996). To show a violation of that right, Briscoe–King must demonstrate that her speech was constitutionally protected and that it was a substantial or motivating factor in her termination. *See Pool v. Vanrheen*, 297 F.3d 899, 905 (9th Cir.2002). If she makes these showings, then Defendants can escape liability by showing that they would have taken the same action even absent the protected speech. *See Umbehr*, 518 U.S. at 675, 116 S.Ct. 2342. We consider on this appeal only the purely legal issue of whether her speech was protected. *See Connick v. Myers*, 461 U.S. 138, 148 n. 7, 103 S.Ct. 1684, 75 L.Ed.2d 708 (1983). We lack jurisdiction to review the district court's ruling as to the remaining parts of the test, which involve factual inquiries. *See Collins v. Jordan*, 110 F.3d 1363, 1370 (9th Cir.1997).

Briscoe–King's speech was constitutionally protected if it touched on a matter of public concern and if Briscoe–King's inter-est in expressing herself outweighed Defendants' interest in preventing potential workplace disruption. *Moran*, 147 F.3d at 846. Briscoe–King's speech touched on "the misuse of public funds, wastefulness, and inefficiency in managing and operating government entities," matters of public concern. *See Roth v. Veteran's Admin.*, 856 F.2d 1401, 1405 (9th Cir.1988); *see also Chateaubriand v. Gaspard*, 97 F.3d 1218, 1222–23 (9th Cir.1996). A report written pursuant to an internal investigation is not devoid of First Amendment protection. *See Connick*, 461 U.S. at 146, 103 S.Ct. 1684 (citing *Givhan v. Western Line Consol. School Dist.*, 439 U.S. 410, 99 S.Ct. 693, 58 L.Ed.2d 619 (1979)); *Chateaubriand*, 97 F.3d at 1223. Her speech went beyond a "personal employment dispute" and was not "precipitated by adverse actions of [her] supervisors pertaining to [her own] employment." *See Roth*, 856 F.2d at 1405.

Briscoe–King's interest in expressing herself outweighed the CDC's interest in preventing workplace disruption. This balancing test, first enunciated in *Pickering v. Board of Education*, 391 U.S. 563, 88 S.Ct. 1731, 20 L.Ed.2d 811 (1968), presents a legal question. *Roth*, 856 F.2d at 1407. Defendants claim that Briscoe–King disrupted the workplace by impairing discipline, eroding relationships premised on loyalty and confidentiality, compromising her job performance, and disrupting office routine. But "it would be absurd to hold that the First Amendment generally authorizes corrupt officials to punish subordinates who blow the whistle simply because the speech somewhat disrupted the office." *Roth*, 856 F.2d at 1407–08 (quoting *Czurlanis v. Albanese*, 721 F.2d 98, 107 (3d Cir.1983)). Defendants have no legitimate interest in covering up wrongdoing. *Johnson v. Multnomah County*, 48 F.3d 420, 427 (9th Cir.1995) (quoting *Hyland v.*

48

*Wonder,* 972 F.2d 1129, 1138 (9th Cir. 1992)).

Briscoe–King's right not to be terminated for her protected speech was clearly established before she was fired in 1998. Briscoe–King's statements clearly concerned matters of public concern, even if made to staff and superiors rather than the general public. *See Chateaubriand,* 97 F.3d at 1223; *Roth,* 856 F.2d at 1406. The law was also clear that Briscoe–King's First Amendment interest in whistleblowing outweighed workplace disruption. *See Multnomah County,* 48 F.3d at 427; *Roth,* 856 F.2d at 1407–08. This is "one of those rare instances in which *Pickering* rights are, despite balancing, clearly established." *Brewster v. Board of Educ. of the Lynwood Unified School Dist.,* 149 F.3d 971, 980 (9th Cir.1998).

Bollinger argues that he is nevertheless entitled to qualified immunity because he was not involved in the decision to terminate Briscoe–King. Briscoe–King asserts otherwise. As Briscoe–King's allegation is taken as true, Bollinger is not entitled to qualified immunity.

Not all public employees who investigate wrongdoing by other employees will automatically overcome the qualified immunity bar. The results will depend on the particular facts of each case. Taken in the light most favorable to Briscoe–King, the facts here fail to establish entitlement to qualified immunity.

AFFIRMED.