William SHELTON; Barbara Shelton; Ellen Shelton, a minor, through her guardian ad litem, Barbara Shelton; Jessica Shelton, a minor, through her guardian ad litem, Barbara Shelton, Plaintiffs—Appellees,

v.

BUTTE COUNTY SHERIFF; Tony Burdine, Butte County District Attorney, Perry Reniff, Butte County Assistant Sheriff, Defendants,

and

Mike Grey, Butte County Sheriff; Dennis Cooley, Butte County Deputy Sheriff; Bernie Lightner, Butte County District Attorney Investigator; Edward Szendrey, Butte County Chief District Attorney Investigator; Craig Gill, Butte County Deputy Sheriff, Defendants—Appellants.

No. 01–16793.

D.C. No. CV–97–01309–MLS(PAN).

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Jan. 13, 2003.

Decided Feb. 3, 2003.

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

Before SCHROEDER, Chief Judge, NOONAN and CLIFTON, Circuit Judges.

## MEMORANDUM [*]

Defendants, Butte County Sheriff Mike Grey, Deputy Sheriff Dennis Cooley, Deputy Sheriff Craig Gill, District Attorney Investigator Bernie Lightner, and Chief District Attorney Investigator Edward Szendrey, interlocutorily appeal the district court's denial of their motion for summary judgment on qualified immunity grounds in William Shelton's 42 U.S.C. § 1983 action. We have jurisdiction. *See Mitchell v. Forsyth,* 472 U.S. 511, 530, 105 S.Ct. 2806, 86 L.Ed.2d 411 (1985).

The plaintiff's action sought damages for retaliation in violation of his First Amendment rights. *See Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle,* 429 U.S. 274, 287, 97 S.Ct. 568, 50 L.Ed.2d 471 (1977); *see also Blair v. City of Pomona,* 223 F.3d 1074, 1079–80 (9th Cir.2000); *Duran v. City of Douglas,* 904 F.2d 1372, 1377–78 (9th Cir.1990); *Manhattan Beach Police Officers Ass'n v. City of Manhattan Beach,* 881 F.2d 816, 818–19 (9th Cir.1989). Under *Mt. Healthy,* the question of motivation is critical. *Mt. Healthy,* 429 U.S. at 287.

The defendants sought qualified immunity on the ground that, because there was probable cause to institute the investigation of Shelton, the motivation for it was immaterial. The district court properly denied the motion because the law was clearly established that state officers cannot retaliate for the exercise of First Amendment rights. *See Blair,* 223 F.3d at 1079–80; *Duran,* 904 F.2d at 1378. There was a genuine issue of fact on this record as to whether the investigation was motivated by constitutionally protected whistle blowing or by the suspected criminal activity of the plaintiff. *Mt. Healthy,* 429 U.S. at 287 (holding that officials must show they would have reached the same decision irrespective of the protected speech); *see also Duran,* 904 F.2d at 1378.

This Court, at least on the basis of this record, has serious doubt about the strength of plaintiff's case against some of the defendants. Nevertheless, in an interlocutory appeal like this one, we look only to whether the district court erred as a matter of law in not granting summary judgment upon the basis of qualified immunity. *See Mitchell,* 472 U.S. at 528. The district court did not err in that regard. The district court may, if appropriate, consider the liability of some of the defendants promptly after our mandate issues. They are, however, not entitled to qualified immunity at this early stage.

AFFIRMED.

---

[*] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.